IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOHN HINES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 1:23-00363-KD-B |
| | ) |
| AZALEA HEALTH & REHAB, LLC, et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on Defendants Azalea Heath & Rehab, LLC ("Azalea"), Essential Health Group LLC ("Essential"), Essential Health Group II LLC ("Essential II"), Essential Health Group III LLC ("Essential III"), Essential Health Group IV LLC ("Essential IV"), and Shalom Lerner's ("Lerner") Motion to Dismiss and Compel Arbitration, or Alternatively Transfer Venue and Stay Proceedings, (Doc. 5), as well as Yossi Emanuel's ("Emanuel") (collectively "Defendants") Adoption thereof, (Doc. 20); Plaintiff John Hines' ("Plaintiff" or "Hines") Response in Opposition, (Doc. 14); and Defendants' Reply,[1] (Doc. 15).

Generally, courts decide threshold "arbitrability" issues of whether the parties agreed to arbitrate, such as questions regarding the enforceability, scope, or applicability of the arbitration agreement itself. Attix v Carrington Mortg. Servs., LLC, 35 F.4th 1284, 1295 (11th Cir. 2022). However, since the question of who decides arbitrability is itself a question of contract, the FAA permits parties to agree that an arbitrator will decide these gateway issues in addition to the

---

[1] Emanuel also adopts by reference the arguments made by Azalea, Essential, Essential II, Essential III, Essential IV, and Lerner in their Reply. (Doc. 20). Thus, the Court refers to Emanuel interchangeably with the other defendants moving to dismiss and compel arbitration, or alternatively transfer venue and stay proceedings.

1

underlying merits disputes.[2] Henry Schein, Inc. v. Archer and White Sales, Inc., 139 S. Ct. 524, 527 (2019). A court may determine that the parties agreed to arbitrate arbitrability "where there is clear and unmistakable evidence that they did so." Martinez v. Carnival Corp., 744 F.3d 1240, 1246 (11th Cir. 2014) (citing Rent-A-Center, 561 U.S. at 79). "[W]hen parties incorporate the rules of the [American Arbitration Association ("AAA")] into their contract, they clearly and unmistakably agree that the arbitrator should decide whether the arbitration clause applies." U.S. Nutraceuticals, LLC v. Cyanotech Corp., 769 F.3d 1308, 1311 (11th Cir. 2014) (internal quotations and citation omitted); see also Terminix Intern. Co., LP v. Palmer Ranch Ltd. P'ship, 432 F.3d 1327, 1332 (11th Cir. 2005) ("By incorporating the AAA [Commercial Arbitration] Rules, including Rule 8, into their agreement, the parties clearly and unmistakably agreed that the arbitrator should decide whether the arbitration clause is valid."); Giles v. Hamilton Home Builders LLC, No. 23-CV-323-KD-MU, 2023 WL 8459907, at *7 (S.D. Ala. Dec. 4, 2023) ("[B]oth the Eleventh Circuit and the Supreme Court of Alabama have held that arbitration provisions that incorporate rules that provide for the arbitrator to decide gateway arbitrability issues reveal the parties' intent to arbitrate arbitrability questions like the one at bar."). In fact, the Eleventh Circuit has stated that an arbitration agreement's incorporation of AAA rules into an arbitration agreement clearly and unmistakably evinces an intent to delegate questions of arbitrability even if no other delegation language appears elsewhere in the contract. See JPay, Inc. v. Kobel, 904 F.3d 923, 937 (11th Cir. 2018) ("As we have held, either JPay's incorporation of AAA rules or its express delegation clause would have been enough, on its own, to delegate the question of class availability.").

---

[2] These agreements to arbitrate threshold arbitrability issues are often called "delegation" agreements. Rent-A-Center, W., Inc. v. Jackson, 561 U.S. 63, 70 (2010) ("An agreement to arbitrate a gateway issue is simply an additional, antecedent agreement the party seeking arbitration asks the federal court to enforce, and the FAA operates on this additional arbitration agreement just as it does on any other.").

Here, the parties' arbitration agreement (the "Arbitration Agreement") provides, "[T]he Parties agree that any controversy, claim or dispute arising out of or relating to this Agreement and/or the employment relationship between the Parties . . . shall be subject to arbitration to be held in Birmingham, Alabama and <u>administered under, and in accordance with, the Employment Arbitration Rules and Mediation Procedures of the American Arbitration Association</u> ["Employment Rules"] in effect at the time the arbitration is commenced." (Doc. 5-1 at 8) (emphasis added). Rule 6(a) of the Employment Rules states, "The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement." Am. Arb. Ass'n, Emp. Arb. Rules and Mediation Procs., https://www.adr.org/sites/default/files/EmploymentRules_Web_2.pdf.

It appears to the Court that this language in the Employment Rules precisely mirrors the relevant portions of the AAA rules at issue in <u>Cyanotech</u>, <u>Terminix</u>, and <u>JPay</u>. Accordingly, per Eleventh Circuit precedent, it appears that the parties here clearly and unmistakably agreed that, in accordance with the Arbitration Agreement and the incorporated Employment Rules, the arbitrator should decide whether the claims in Counts Five and Six of the Complaint are subject to the Arbitration Agreement. However, while Defendants argue that all of Hines' claims are subject to the instant motion, they do not argue that the Arbitration Agreement contains an antecedent delegation agreement. (<u>See</u> Docs. 5, 15). Accordingly, the Court **ORDERS** as follows:

1. Hines and Defendants shall file briefs, double-spaced and no more than five (5) pages, addressing whether the Arbitration Agreement delegates to the arbitrator the question of whether Hines' claims are arbitrable. The parties shall file their briefs by **January 26, 2024**.

**DONE** and **ORDERED** this **12th** day of **January 2024**.

                                            **s / Kristi K. DuBose**
                                            **KRISTI K. DuBOSE**
                                            **UNITED STATES DISTRICT JUDGE**